IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,           ) | |
|                                                                  ) | |
| **Plaintiff,**                              ) | |
|                                                                  ) | |
| v.                                                            ) | No. 11-2185-STA |
|                                                                  ) | |
| DAVEIN R. HUMPHREY;                 ) | |
| NATHANIEL DINKINS;                      ) | |
| THE UNITED STATES OF AMERICA, ) | |
| DEPARTMENT OF THE TREASURY, ) | |
| INTERNAL REVENUE SERVICE;         ) | |
| CHRYSLER FINANCIAL CO. L            ) | |
| NORTH AMERICA, LLC; and              ) | |
| THE UNITED STATES OF AMERICA; ) | |
|                                                                   ) | |
| **Defendants.**                           ) | |

---

**ORDER GRANTING THE UNITED STATES'S MOTION TO DISMISS**

---

Before the Court is the United States of America's Motion to Dismiss (D.E. # 6) filed on May 25, 2011. Plaintiff has filed a response in opposition to Defendant's Motion. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Defendant United States of America filed a Notice of Removal in this case on March 10, 2011. Plaintiff Nationstar Mortgage, LLC seeks to rescind a foreclosure sale of real property; to void a deed recorded pursuant to that sale; and to reinstate the foreclosed deed of trust and other liens as to the subject property. Plaintiff's Complaint alleges that on December 10, 2004, Carlex Homes, Inc., as the grantor, conveyed real property located at 4530 Devan Woods Cove, Bartlett,

1

Tennessee ("the subject property"), to Davein R. Humphrey ("Humphrey"), as the grantee, via warranty deed. (Compl. ¶ 3.)  The warranty deed was duly acknowledge and filed for record in the Office of the Register for Shelby County, Tennessee on December 22, 2004, as Instrument No. 04212415. (*Id*. ¶ 4.)  On December 10, 2004, Humphrey executed in favor of and delivered a deed of trust encumbering the subject property to Dennie R. Marshall as trustee for GMAC Mortgage Corporation ("GMAC"). (*Id*. ¶ 5.)  This deed of trust was duly acknowledged before a notary public and filed for record in the Register's Office on December 22, 2004, as Instrument No. 04212416. (*Id*.)  Contemporaneously with the execution of the note and to secure its payment, Humphrey and Nathaniel Dinkins ("Dinkins") executed and delivered a deed of trust encumbering the subject property to Dennie R. Marshall as trustee for GMAC. (*Id*. ¶ 6.)  This deed of trust was duly acknowledged before a notary public and filed for record in the Register's Office on December 22, 2004, as Instrument No. 04212416. (*Id*.)

     Plaintiff is the current owner and holder of this asset. (*Id*. ¶ 7.)  The deed of trust contains a waiver of the right of redemption, dower, homestead, and all other exemptions of every kind. (*Id*. ¶ 8.)  Due to the subsequent default in the performance of the mortgagors' obligations, Plaintiff appointed successor trustees for purposes of foreclosure. (*Id*. ¶ 9.)  The appointment of the successor trustee was duly acknowledged and filed for record in the Register's Office on April 16, 2010, as Instrument No. 10038198. (*Id*.)  The foreclosure sale was held on April 23, 2010.  (*Id*. ¶ 10.)  Thereupon, the subject property was struck off and sold to Plaintiff as the highest bidder. (*Id*.)  On May 5, 2010, the successor trustee conveyed the subject property to Plaintiff via trustee's deed. (*Id*. ¶ 11.)  This deed was filed for record in the Register's Office on May 5, 2010, as Instrument No. 10045366. (*Id*.)

Due to the discovery after the foreclosure sale of A lien against the subject property in favor of Defendant United States of America, Department of the Treasury, Internal Revenue Service ("the IRS"), Plaintiffs seeks an order of the Court rescinding and setting aside the foreclosure sale and cancelling and voiding the trustee's deed. (*Id*. ¶ 12.) All terms of the foreclosed deed of trsut and its underlying note should be reinstated and declared of full force and effect upon recission of the sale and cancellation of the trustee's deed. (*Id*. ¶ 13.) No parties, other than those named in this action, claim an interest in the subject property at this time; and no liens, conveyances, or other interest rights in the property have been filed of record since the filing of the trustee's deed. (*Id*. ¶ 14.)

According to the Complaint, Defendant IRS may claim an interest in the subject property based upon a federal tax lien in the amount of $48,249.82 against Defendants Humphrey and Dinkins, which lien was filed for record in the Register's Office on April 29, 2008, as Instrument No. 08056819. (*Id*. ¶ 15.) Plaintiff alleges that any claim, right, title, or interest in the subject property that might be held by the IRS by virtue of said federal tax lien is junior, subordinate, and inferior to any and all claims, right, title, and interest held by Plaintiff. (*Id*.)

Furthermore, on January 22, 2009, Defendant Chrysler Financial Company L North America, LLC ("Chrysler"), obtained a judgment in the amount of $10,707.15 against Defendant Humphrey in Shelby County General Sessions Court (docket no. 1016265), which judgment was filed for record in the Register's Office on December 7, 2009, as Instrument No. 09139128. (*Id*. ¶ 16.) Plaintiff alleges that this lien should be reinstated of record. (*Id*.) Any claim, right, title, or interest in the subject property that might be held by Chrysler by virtue of said judgment is junior, subordinate, and inferior to any and all claims, right, title and interest held by Plaintiff.

3

(*Id*.)

On May 24, 2010, Defendant United States of America obtained a judgment in the amount of $78,693.09 (plus accruing interest) against Defendant Humphrey in the United States District Court for the Western District of Tennessee (case no. 2:10-CV-02166-STA-tmp), which judgment was twice filed for record in the Register's Office on June 7, 2010, as Instrument No. 10057743 and 10057744. (*Id*. ¶ 17.)  The Complaint alleges that any claim, right, title, or interest in the subject property that might be held by the United States of America by virtue of said judgment is junior, subordinate, and inferior to any and all claims, right, title, and interest held by Plaintiff. (*Id*.)

Defendant Dinkins, although not a borrower on the loan secured by the deed of trust, did sign the deed of trust. (*Id*. ¶ 18.)  However, the deed of trust contains the following recital: "Nathaniel Dinkins, spouse to the aforementioned Davien R. Humphrey, joins in the execution of this Deed of Trust for the sole purpose of waiving his marital rights in the above described property and makes no warranties of title." (*Id*.)  According to Plaintiff, the state of Tennessee no longer recognizes dower or curtesy. (*Id*. ¶ 19.)  Plaintiff requests that the Court enter its order specifically declaring that Defendant Dinkins executed the deed of trust and thereby conveyed any and all interest he might have in the subject property to Plaintiff, as was the intent of the parties. (*Id*.)

In its Motion to Dismiss, the United States as a named Defendant as well as on behalf of the IRS seeks dismissal of any claim against it.  First, the United States argues that there has been no waiver of its sovereign immunity, and therefore, the Court has no jurisdiction.  According to the government, 28 U.S.C. § 2410 has no application in this case.  That section waives sovereign

4

immunity for actions affecting property over which the United States has a lien. However, § 2410 waives immunity only in cases to quiet title, to foreclose a mortgage or other lien, to partition, to condemn, or an interpleader action. Plaintiff's complaint does not seek any of these remedies. Likewise, the Court has no jurisdiction over Plaintiff's prayer for a declaratory judgment. The Declaratory Judgment Act, 28 U.S.C. § 2201, does not permit suits involving taxes, and none of the Act's exceptions to this ban apply in this case. For these reasons, the Court should dismiss Plaintiff's claims against the United States and the IRS for lack of subject matter jurisdiction. Second, the United States contends that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6). Plaintiff seeks to rescind a foreclosure sale, which under Tennessee law cannot be set aside absent some irregularity, misconduct, fraud, or unfairness. Plaintiff has not alleged any conduct of that kind here. Therefore, Plaintiff has failed to state a claim.

  Plaintiff has responded in opposition to Defendant's Motion. Plaintiff argues that sovereign immunity has been waived pursuant to § 2410 to the extent that Plaintiff's claims are essentially claims to quiet title. Plaintiff cites for support decisions of the First and Ninth Circuit Courts of Appeals holding that suits to judge lien priority are in effect claims to quiet title, and so § 2410 waives the federal government's sovereign immunity in such cases. Plaintiff adds that its claim for declaratory judgment is proper because the United States has a judgment lien against the subject property. With respect to the government's Rule 12(b)(6) argument, Plaintiff argues that it conducted a foreclosure sale upon the subject property pursuant to state law. However, the federal liens were not included in Plaintiff's title report. As a result, Plaintiff contends that the foreclosure sale was irregular in that it did not provide notice to all interested parties. Based on these allegations and construing the pleadings in a light most favorable to the non-moving party,

Plaintiff states that dismissal for failure to state a claim is not proper. For these reasons, Plaintiff argues that the Court should deny Defendant's Motion to Dismiss.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[1] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[5] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

## ANALYSIS

The Court holds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. As an initial matter, the Sixth Circuit has not addressed the issue of whether the federal government has waived its sovereign immunity in cases like the one at bar. In its Motion to Dismiss, the government contends that the waiver found at 28 U.S.C. § 2410(a) does not apply in this case. That section states in relevant part that

> the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
> (3) to partition,
> (4) to condemn, or
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.[8]

Several Circuits have concluded that suits to adjudicate lien priority are analogous to suits to quiet title, and therefore, § 2410(a)(1) should be broadly construed to waive sovereign immunity

---

[6] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[7] *Iqbal,* 129 S.Ct. at 1949.

[8] 28 U.S.C. § 2410(a).

in such cases.[9] The Court finds that Plaintiff's claims against Defendants IRS and the United States are essentially claims to declare the relative priority of each party's lien in the subject property. The only specific remedy Plaintiff seeks against the IRS and the United States is a declaration that the government's liens on the subject property are "junior, subordinate and inferior to any and all claims, right, title and interest held by plaintiff."[10] Applying the majority rule that claims to adjudicate lien priority should be liberally construed as claims to quiet title, § 2410(a)(1) arguably waives the government's sovereign immunity from suit in this case.

Nevertheless, the Court concludes that it is unnecessary to resolve this question for purposes of this Motion because Plaintiff's Complaint fails to state a claim pursuant to Rule 12(b)(6). The Complaint states that Plaintiff seeks to rescind a foreclosure sale of real property and void the deed recorded pursuant to that sale.[11] The Court finds that Plaintiff's claim to adjudicate lien priority is dependent on the Court first setting aside the foreclosure sale of the subject property. Under Tennessee law, a party seeking to set aside a foreclosure sale has the "substantial" burden to show "some evidence of irregularity, misconduct, fraud or unfairness on

---

[9] *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 629 (5th Cir. 2002); *Progressive Consumers Fed. Credit Union v. United States,* 79 F.3d 1228, 1231-32 (1st Cir. 1996); *United States v. Coson,* 286 F.2d 453, 457 (9th Cir. 1961). See also *City of New York v. Evigo Corp.,* 121 F.Supp. 748, 750 (S.D.N.Y.1954). *But see Raulerson v. United States*, 786 F.2d 1090, 1091-92 (11th Cir. 1986) ("While the instant action may be similar to a quiet title action, section 2410 waives sovereign immunity only in *actual* quiet title actions, not suits analogous to quiet title actions." (emphasis in original)).

[10] *See* Compl. ¶¶ 15, 17, Prayer for Relief ¶ H.

[11] Compl. ¶ 1.

the part of the trustee or mortgagee . . . ."[12]  In response to Defendant's Motion, Plaintiff argues that the foreclosure should be set aside because it was "irregular."  More specifically, Plaintiff admits that it did not notify the government, an interested party in this case, of the foreclosure sale or provide notice of the government's lien in the property.  Therefore, Plaintiff argues that the Court should set the sale aside.

It is true that Plaintiff has alleged that not all of the statutory provisions for a non-judicial foreclosure sale were followed in this case.  Tenn. Code Ann. § 35-5-104(a) requires that the notice or advertisement of the sale identify any lien of the United States for which "26 U.S.C. § 7425(b) requires notice to be given to the United States in order for the sale of the land thus advertised not to be subject to the lien or claim of lien of the United States."[13]  The Tennessee Court of Appeals has held that a notice of foreclosure failing to identify a lien held by the United

---

[12] *Young v. Bank One, N.A.*, No. M2003-01359-COA-R3-CV, 2004 WL 2098284, at *1 (Tenn. Ct. App. Sept. 20, 2004) (quoting *Holt v. Citizens Cent. Bank,* 688 S.W.2d 414, 416 (Tenn.1984)).

[13] Tenn. Code Ann. § 35-5-104(a)(4).  Title 26 U.S.C. § 7425(b) reads in relevant part that

> a sale of property on which the United States has or claims a lien . . . made pursuant . . .to an instrument creating a lien on such property . . . shall, except as otherwise provided, be made subject to and without disturbing such lien . . . if notice of such lien was filed . . . in the place provided by law for such filing or recording more than 30 days before such sale and the United States is not given notice of such sale in the manner prescribed in subsection (c)(1)."

Neither party has briefed the applicability of this code section.  It appears to the Court that the foreclosure sale pursuant to a deed of trust described in Plaintiff's Complaint constitutes "a sale of property on which the United States has or claims a lien . . . made pursuant . . . to an instrument creating a lien on such property" for purposes of § 7425(b).

States violates § 35-5-104(a)(4).[14]  Assuming then that the foreclosure sale did not satisfy § 35-5-104(a)(4)'s notice requirements, the notice did not comply with Tennessee law.

However, Tenn. Code Ann. § 35-5-106 further provides that should a sale proceed without complying with "the provisions of this chapter, the sale shall not, on that account, be either void or voidable."[15]  Consistent with this code provision, the long-standing rule in Tennessee is that a trustee's failure to comply with statutory foreclosure requirements "does not render the sale at foreclosure void or even voidable."[16]  The Tennessee Court of Appeals has commented that "[i]t is apparent that the legislature did not want uncertainty concerning land titles to prevail."[17]  In briefing the Motion to Dismiss, Plaintiff argues that prior to the foreclosure sale, "the federal liens were not reflected in its title report.  Therefore, the foreclosure sale was irregular in that it did not notify and address all interested parties."[18]  The Court finds then that the irregularity on which Plaintiff bases its claim to set aside the foreclosure is the lack of statutory notice about the IRS's lien on the property.   Plaintiff does not cite any additional authority in support of this claim.  The Court holds that as a matter of law, the failure to give

---

[14] *Skipper v. Wells Fargo Bank, N.A.*, W2009-01786-COA-R3-CV, 2010 WL 1508297, at *5 (Tenn. Ct. App. Apr. 15, 2010).

[15] Tenn. Code Ann. § 35-5-106.

[16] *Federal Nat. Mortg. Ass'n v. Robilio*, W2007-01758-COA-R3-CV, 2008 WL 2502114, at *7 (Tenn. Ct. App. June 24, 2008) (citing *Doty v. Fed. Land Bank of Louisville,* 89 S.W.2d 337 (Tenn.1936); *Williams v. Williams,* 156 S.W.2d 363, 369 (Tenn. Ct. App. 1941)).  *See also McSwain v. Am. Gen. Fin., Inc.*, 1994 WL 398819, at *2-3 (Tenn. Ct. App. July 22, 1994).

[17] *McSwain*, 1994 WL 398819, at *2 (concluding that Tenn. Code Ann. § 35-5-107 "specifically provide[d] relief for anyone affected by noncompliance with the foreclosure statutes").

[18] Pl.'s Memo. in Opp'n 4.

notice under the statute does not render the sale void or voidable. Therefore, Plaintiff has failed to state a claim for recision of the foreclosure sale based on the failure to comply with the statute.

In the alternative, Tennessee law further provides that a foreclosure sale may be set aside where the trustee fails to comply with the specific advertisement and/or notice requirements in the deed of trust.[19] Parties are free "to vary the terms of foreclosure by contract, and where a deed of trust provision varies from the statutory requirements, that term will generally supersede the statutory requirement."[20] Where "the terms are sufficiently clear and originate in the deed of trust, the law demands strict compliance for the conveyance to be valid."[21] In the case at bar, Plaintiff has not pled or argued that the deed of trust varies from the statutory notice requirements under Tennessee law let alone that there was a failure to observe a specific notice requirement originating in the deed of trust. Plaintiff has attached the deed of trust to its Complaint, and upon inspection, the Court finds that the parties agreed to follow the statutory scheme and did not specifically agree to require disclosure of any liens in favor of the United States or the IRS.[22] The deed of trust simply states, "If Lender invokes the power of sale, Trustee

---

[19] *Robilio*, 2008 WL 2502114, at *7 (citing *Henderson v. Galloway,* 27 Tenn. 692, 695-96 (Tenn. 1848)).

[20] *Robilio*, 2008 WL 2502114, at *7 (citing Tenn. Code Ann. § 35-5-101(d)) ("Nothing in this section shall be construed as applying to any notice published in accordance with any contract entered into heretofore, and expressed in a mortgage, deed of trust or other legal instruments.") (other citations omitted).

[21] *Robilio*, 2008 WL 2502114, at *7 (citing *Progressive Bldg. & Loan Ass'n v. McIntyre,* 89 S.W.2d 336, 336 (Tenn. 1936)).

[22] The Court may consider the deed of trust for purposes of Rule 12(b)(6) without converting Defendant's Motion to Dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

shall give notice of sale by public advertisement in the county in which the Property is located for the time and in the manner provided by Applicable law, and Lender or Trustee shall mail a copy of the notice of sale to Borrower in the manner provided" elsewhere in the deed.[23]  Because the Court finds that the parties to the deed of trust did not vary any of the statutory requirements, it follows that the statutory provisions control.  Therefore, Plaintiff has failed to state a claim for recision of the foreclosure sale based on the failure to comply with a notice provision originating in the deed of trust.

## CONCLUSION

Having held that Plaintiff has failed to state a claim for setting aside the foreclosure sale, Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 29th, 2011.

---

[23] Deed of Trust, Instrument No. 04212416, ¶ 22.